Alejandro Sandoval **NUNEZ;** et al., Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76140.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Dec. 10, 2007.

Alejandro Sandoval Nunez, Ontario, CA, pro se.

Alma Luz Sandoval, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Edward C. Durant, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Alejandro Sandoval Nunez and his wife, Alma Luz Sandoval, natives and citizens of Mexico, petition for review of the Board of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") order dismissing their appeal from an Immigration Judge's ("IJ") order denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We review the denial of a continuance for abuse of discretion. *See Barapind v. Reno,* 225 F.3d 1100, 1113 (9th Cir.2000). We grant the petition for review and remand.

An intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores,* we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accepts the terms of departure. *See Ibarra–Flores,* 439 F.3d at 619; *see also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005). In the record, there is no documentation showing that the male petitioner was informed of the terms of his departure or that he accepted them voluntarily or knowingly, and the agency did not have the benefit of our decisions in *Ibarra–Flores* and *Tapia* at the time it addressed this issue.

Petitioners also challenge the IJ's denial of a continuance. The BIA concluded that the IJ did not err because "there is no evidence in the transcript ... to indicate that [petitioners] ever made such a request at their individual hearing." To the contrary, the transcript reflects that the IJ stated, "[t]here is a motion before the Court for a continuance." On remand, the BIA should consider whether a continuance was properly denied.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.